Issa K. Moe, Bar No. 254998
MoeI@moss-barnett.com
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402
612.877.5399/FAX 612.877.5016

Christopher D. Holt, Bar No. 228399
KLINEDINST PC
5 Hutton Centre Drive, Suite 1000
Santa Ana, California 92707
(714) 542-1800/FAX (714) 542-3592
cholt@klinedinstlaw.com

Attorneys for Defendant
RESURGENT CAPITAL SERVICES, L.P.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRIK ZAMANYAN, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NORTHLAND GROUP, INC., *et al.*,<br><br>　　　　Defendants. | Case No: 2:12-cv-01212-MWF-JEM<br><br>**ANSWER OF DEFENDANT RESURGENT CAPITAL SERVICES, L.P. TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Defendant Resurgent Capital Services, L.P. ("Defendant"), as and for its Answer to the First Amended Complaint ("Complaint") of plaintiff Henrik Zamanyan ("Plaintiff"), denies each and every allegation contained therein, unless otherwise admitted or qualified herein.

///

///

- 1 -

ANSWER OF RESURGENT CAPITAL SERVICES, L.P. TO FIRST AMENDED COMPLAINT
CASE NO.: 2:12-cv-01212-MWF-JEM

# I.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. In response to Paragraph 1 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

2. In response to Paragraph 2 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

3. In response to Paragraph 3 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

4. In response to Paragraph 4 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendant states

ANSWER OF RESURGENT CAPITAL SERVICES, L.P. TO FIRST AMENDED COMPLAINT
CASE NO.: 2:12-cv-01212- MWF-JEM

that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

8. In response to Paragraph 8 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

9. In response to Paragraph 9 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

15. Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. In response to Paragraph 16 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

17. In response to Paragraph 17 of Plaintiff's Complaint, Defendant admits that the statutes referenced therein confer jurisdiction on this Court, but denies that it violated any law to subject it to said jurisdiction.

18. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. In response to Paragraph 20 of Plaintiff's Complaint, Defendant admits that Plaintiff demands a jury trial on all issues that qualify for a jury trial.

21. In response to Paragraph 21 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

22. In response to Paragraph 22 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the

allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

23. In response to Paragraph 23 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

24. In response to Paragraph 24 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

25. In response to Paragraph 25 of Plaintiff's Complaint, Defendant states that the legal authority referenced therein speaks for itself and denies the allegations set forth therein to the extent, if any, that they misinterpret or otherwise misconstrue such legal authority.

26. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 29 of Plaintiff's Complaint and therefore denies the same.

30. Defendant denies the allegations set forth in Paragraph 30 of

Plaintiff's Complaint.

31. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 32 of Plaintiff's Complaint and therefore denies the same.

33. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 33 of Plaintiff's Complaint and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 34 of Plaintiff's Complaint and therefore denies the same.

35. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37. In response to Paragraph 37 of Plaintiff's Complaint, Defendant admits that at times it acts as a "debt collector" as that term is defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, but denies that it acted as a debt collector in this matter. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38. In response to Paragraph 38 of Plaintiff's Complaint, Defendant admits all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 39 of Plaintiff's Complaint and therefore denies the same.

40. In response to Paragraph 40 of Plaintiff's Complaint, and all of its subparts, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. In response to Paragraph 41 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 42 of Plaintiff's Complaint and therefore denies the same.

43. In response to Paragraph 43 of Plaintiff's Complaint, Defendant admits that it requested Plaintiff's consumer report from a consumer reporting agency, but states that it had a permissible purpose for doing so. *See* Doc. No. 5-1, Declaration of Jean Paul Torres ("Torres Dec.") ¶ 7. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 43 of Plaintiff's Complaint and therefore denies the same.

44. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 44 of Plaintiff's Complaint and therefore denies the same.

45. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 45 of Plaintiff's Complaint and therefore denies the same.

46. In response to Paragraph 46 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 46 of Plaintiff's Complaint and therefore denies the same.

47. In response to Paragraph 47 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 47 of Plaintiff's Complaint and therefore denies the same.

48. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 48 of Plaintiff's Complaint and therefore denies the same.

49. In response to Paragraph 49 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 49 of Plaintiff's Complaint and therefore denies the same.

50. In response to Paragraph 50 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 50 of Plaintiff's Complaint and therefore denies the same.

51. In response to Paragraph 51 of Plaintiff's Complaint, Defendant denies all allegations against it, and states that it had a permissible purpose for requesting Plaintiff's consumer report from a consumer reporting agency in this matter. *See* Doc. No. 5-1, Torres Dec. ¶ 7. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

- 8 -
ANSWER OF RESURGENT CAPITAL SERVICES, L.P. TO FIRST AMENDED COMPLAINT
CASE NO.: 2:12-cv-01212- MWF-JEM

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

1  Paragraph 51 of Plaintiff's Complaint and therefore denies the same.

2  52.  In response to Paragraph 52 of Plaintiff's Complaint, Defendant denies that it violated any law in this matter. Defendant admits that it requested Plaintiff's consumer report from a consumer reporting agency, but states that it had a permissible purpose for doing so. *See* Doc. No. 5-1, Torres Dec. ¶ 7. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 52 of Plaintiff's Complaint and therefore denies the same.

53.  Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 53 of Plaintiff's Complaint, and all of its subparts, and therefore denies the same.

54.  Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 54 of Plaintiff's Complaint and therefore denies the same.

55.  Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 55 of Plaintiff's Complaint and therefore denies the same.

56.  Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 56 of Plaintiff's Complaint and therefore denies the same.

57.  Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 57 of Plaintiff's Complaint and therefore denies the same.

58.  In response to Paragraph 58 of Plaintiff's Complaint, Defendant admits that it received a letter dated January 25, 2012 from Renatus Credit, as purported attorney-in-fact for Plaintiff, that referenced prior correspondence allegedly sent by Plaintiff to Defendant. Defendant denies that it was required to

take any action in response to the letter because its conduct was in compliance with applicable law. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 58 of Plaintiff's Complaint and therefore denies the same.

59. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 59 of Plaintiff's Complaint and therefore denies the same.

60. In response to Paragraph 60 of Plaintiff's Complaint, and all of its subparts, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 60 of Plaintiff's Complaint and therefore denies the same.

61. In response to Paragraph 61 of Plaintiff's Complaint, Defendant restates and realleges Paragraphs 1 through 60 of this Answer as though fully set forth herein.

62. In response to Paragraph 62 of Plaintiff's Complaint, and all of its subparts, Defendant denies all allegations against it. Defendant states that it was not required to provide Plaintiff with the disclosures set forth in 15 U.S.C. § 1692e(11), or a written notice containing the information set forth in 15 U.S.C. § 1692g(a), because Defendant did not attempt to collect on the debt at issue in this case ("Debt"), and did not communicate with Plaintiff in connection with the collection of such Debt, during the time period at issue in this case. *See* Doc. No. 5-1, Torres Dec. ¶ 6. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 62 of Plaintiff's Complaint and therefore denies the same.

63. In response to Paragraph 63 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

63 of Plaintiff's Complaint and therefore denies the same.

64. In response to Paragraph 64 of Plaintiff's Complaint, Defendant restates and realleges Paragraphs 1 through 63 of this Answer as though fully set forth herein.

65. In response to Paragraph 65 of Plaintiff's Complaint, and all of its subparts, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 65 of Plaintiff's Complaint and therefore denies the same.

66. In response to Paragraph 66 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 66 of Plaintiff's Complaint and therefore denies the same.

67. In response to Paragraph 67 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 67 of Plaintiff's Complaint and therefore denies the same.

68. In response to Paragraph 68 of Plaintiff's Complaint, Defendant restates and realleges Paragraphs 1 through 67 of this Answer as though fully set forth herein.

69. In response to Paragraph 69 of Plaintiff's Complaint, and all of its subparts, Defendant denies all allegations against it, and states that it had a permissible purpose for requesting Plaintiff's consumer report from a consumer reporting agency in this matter. *See* Doc. No. 5-1, Torres Dec. ¶ 7. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 69 of Plaintiff's Complaint and therefore denies the same.

70. In response to Paragraph 70 of Plaintiff's Complaint, Defendant

denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 70 of Plaintiff's Complaint and therefore denies the same.

71. In response to Paragraph 71 of Plaintiff's Complaint, Defendant restates and realleges Paragraphs 1 through 70 of this Answer as though fully set forth herein.

72. In response to Paragraph 72 of Plaintiff's Complaint, and all of its subparts, Defendant denies all allegations against it, and states that it had a permissible purpose for requesting Plaintiff's consumer report from a consumer reporting agency in this matter. *See* Doc. No. 5-1, Torres Dec. ¶ 7. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 72 of Plaintiff's Complaint and therefore denies the same.

73. In response to Paragraph 73 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 73 of Plaintiff's Complaint and therefore denies the same.

74. In response to Paragraph 74 of Plaintiff's Complaint, Defendant restates and realleges Paragraphs 1 through 73 of this Answer as though fully set forth herein.

75. In response to Paragraph 75 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 75 of Plaintiff's Complaint and therefore denies the same.

76. In response to Paragraph 76 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
Minneapolis, Minnesota 55402

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

76 of Plaintiff's Complaint and therefore denies the same.

77. In response to Paragraph 77 of Plaintiff's Complaint, Defendant denies all allegations against it. Defendant lacks knowledge or information sufficient to either admit or deny the remaining allegations set forth in Paragraph 77 of Plaintiff's Complaint and therefore denies the same.

78. In response to Paragraph 78 of Plaintiff's Complaint, Defendant restates and realleges Paragraphs 1 through 77 of this Answer as though fully set forth herein.

79. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 79 of Plaintiff's Complaint and therefore denies the same.

80. Defendant lacks knowledge or information sufficient to either admit or deny the allegations set forth in Paragraph 80 of Plaintiff's Complaint and therefore denies the same.

81. In response to second numbered Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff seeks the relief set forth therein, but denies that Plaintiff is entitled to such relief from Defendant because Defendant did not violate any law in this matter.

82. In response to second numbered Paragraph 2 of Plaintiff's Complaint, Defendant admits that Plaintiff seeks the relief set forth therein, but denies that Plaintiff is entitled to such relief from Defendant because Defendant did not violate any law in this matter.

83. In response to second numbered Paragraph 3 of Plaintiff's Complaint, Defendant admits that Plaintiff seeks the relief set forth therein, but denies that Plaintiff is entitled to such relief from Defendant because Defendant did not violate any law in this matter.

84. In response to second numbered Paragraph 4 of Plaintiff's Complaint,

Defendant admits that Plaintiff seeks the relief set forth therein, but denies that Plaintiff is entitled to such relief from Defendant because Defendant did not violate any law in this matter.

85. In response to second numbered Paragraph 5 of Plaintiff's Complaint, Defendant admits that Plaintiff seeks the relief set forth therein, but denies that Plaintiff is entitled to such relief from Defendant because Defendant did not violate any law in this matter.

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims are barred by Plaintiff's unclean hands.

### THIRD DEFENSE

Upon information and belief, Plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the transaction that is the subject matter of the instant litigation.

### FOURTH DEFENSE

Plaintiff's claims are barred because the statements or acts attributed to Defendant, if made, were privileged communications by interested parties, without malice, to interested persons who requested the information.

### FIFTH DEFENSE

Any violation of law was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### SIXTH DEFENSE

Defendant may have additional defenses that cannot be articulated due to

ANSWER OF RESURGENT CAPITAL SERVICES, L.P. TO FIRST AMENDED COMPLAINT
CASE NO.: 2:12-cv-01212- MWF-JEM

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402

Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

## III.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Resurgent Capital Services, L.P. prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against it with prejudice and on the merits; and

2. Awarding it such other and further relief as the Court deems just and equitable.

MOSS & BARNETT, P.A.

Dated: August 7, 2012         By: /s/ Issa K. Moe
                              ISSA K. MOE
                              Attorneys for Defendant
                              RESURGENT CAPITAL SERVICES, L.P.

| | |
|---|---|
| 1 | Issa K. Moe, Bar No. 254998 |
| 2 | MoeI@moss-barnett.com<br>MOSS & BARNETT, P.A. |
| 3 | 4800 Wells Fargo Center<br>90 South Seventh Street |
| 4 | Minneapolis, Minnesota 55402<br>612.877.5399/FAX 612.877.5016 |
| 5 | Attorneys for Defendant |
| 6 | RESURGENT CAPITAL SERVICES, L.P. |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRIK ZAMANYAN, an individual, | Case No: 2:12-cv-01212-JHN-JEM |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | Courtroom: 1600<br>Judge: Michael W Fitzgerald<br>Magistrate Judge: John E. McDermott |
| NORTHLAND GROUP, INC., a Minnesota Corporation, *et al.*, | |
| Defendants. | |

- 1 -

CERTIFICATE OF SERVICE

# CERTIFICATE OF SERVICE

STATE OF MINNESOTA  )
COUNTY OF HENNEPIN )

I declare that:

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action. I am employed in the County of Hennepin, Minnesota, and my business address is 4800 Wells Fargo Center, 90 South 7th Street, Minneapolis, Minnesota 55402.

On **August 7, 2012**, I caused to be served the following documents:

**ANSWER OF DEFENDANT RESURGENT CAPITAL SERVICES, L.P. TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

☐ **BY REGULAR MAIL:** I caused such envelopes to be deposited in the United States mail, at Minneapolis, Minnesota, with postage thereon fully prepaid, individually, addressed to the parties as indicated. I am readily familiar with the firm's practice of collection and processing correspondence in mailing. It is deposited with the United States postal service each day and that practice was followed in the ordinary course of business for the service herein attested to. (Fed. R. Civ. P. 5(b)(2)(B).)

☐ **BY OVERNIGHT SERVICE:** I caused such envelopes to be delivered by Overnight/Express Mail Delivery to the addressee(s) noted in this Certificate of Service.

☐ **BY FACSIMILE TRANSMISSION:** I caused a true copy of the foregoing document(s) to be transmitted (by facsimile # ) to each of the parties mentioned above at the facsimile machine and as last given by that person on any document which he or she has filed in this action and served upon this office.

☒ **BY ELECTRONIC FILING SERVICE:** By electronically filing the foregoing document(s) using the CM/ECF system. Service of an electronically filed document upon a CM/ECF User who has consented to electronic service is deemed complete upon the transmission of the Notice of Electronic Filing ("NEF"). The NEF will be maintained with the original document(s) in our office.

☐ **BY PERSONAL SERVICE:** I served the person(s) listed below by leaving the documents, in an envelope or package clearly labeled to identify the person being served, to be personally served via Metro Legal Services on the parties listed on the service list below at their designated business address.

☐ By personally delivering the copies;

☐ By leaving the copies at the attorney's office;

Moss & Barnett, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

- 2 -

CERTIFICATE OF SERVICE

2076270v1

- 3 -

☐ With a receptionist, or with a person having charge thereof; or

☐ In a conspicuous place in the office between the hours of _____ in the morning and five in the afternoon;

☐ By leaving the copies at the individual's residence, a conspicuous place, between the hours of eight in the morning, and six in the afternoon.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

**SEE ATTACHED SERVICE LIST**

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Minneapolis, Minnesota, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 7, 2012, at Minneapolis, Minnesota.

s/ Sandra K. Yungner
Sandra K. Yungner

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

CERTIFICATE OF SERVICE

2076270v1

Service List
HENRIK ZAMANYAN, an individual V. NORTHLAND GROUP, INC., a Minnesota Corporation, *et al.*

| | |
|---|---|
| **Arshak Bartoumian**<br>Omnia Legal Inc<br>124 West Stocker Street Suite B<br>Glendale, CA 91202 | P: 818-532-9339<br>disputes@omnialegal.org<br><br>ATTORNEY FOR PLAINTIFF |
| **Sean P Flynn**<br>**Tatiana B Berger**<br>Musick Peeler and Garrett LLP<br>650 Town Center Drive Suite 1200<br>Costa Mesa, CA 92626 | P: 714-668-2400<br>s.flynn@mpglaw.com<br>t.berger@mpglaw.com<br><br>ATTORNEYS FOR IC SYSTEM INC |
| **David J Kaminski**<br>**Keith Alexander Yeomans**<br>Carlson and Messer LLP<br>5959 West Century Boulevard Suite 1214<br>Los Angeles, CA 90045 | P: 310-242-2200<br>kaminskid@cmtlaw.com<br>omansk@cmtlaw.com<br><br>ATTORNEYS FOR SUNRISE CREDIT SERVICES INC |
| **Renee Choy Ohlendorf**<br>Hinshaw and Culbertson LLP<br>11601 Wilshire Boulevard Suite 800<br>Los Angeles, CA 90025-1744 | P: 310-909-8052<br>rohlendorf@hinshawlaw.com<br><br>ATTORNEY FOR GC SERVICES LP |
| **Jeffrey A Topor**<br>**Christopher M Spain**<br>Simmonds and Narita LLP<br>44 Montgomery Street Suite 3010<br>San Francisco, CA 94104-4816 | P: 415-283-1000<br>jtopor@snllp.com<br>cspain@snllp.com<br><br>ATTORNEYS FOR HUNT AND HENRIQUES |
| **Timothy Peter Johnson**<br>Law Offices of Timothy P Johnson<br>1970 Old Tustin Avenue 2nd Floor<br>Santa Ana, CA 92705 | P: 714-832-1170<br>tjohnson@johnson-chambers.com<br><br>ATTORNEY FOR PINNACLE CREDIT SERVICES LLC |

MOSS & BARNETT, P.A.
4800 WELLS FARGO CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS, MN 55402

- 4 -

CERTIFICATE OF SERVICE

2076270v1